UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PAUL ANTHONY RICE, | ) C/A No.  4:14-185-TLW-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| WARDEN JOHN PATE, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Paul Anthony Rice (Petitioner/Rice), is currently incarcerated at the Wateree Correctional Institution. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 24, 2014. Respondent filed a motion for summary judgment on August 18, 2014, along with a return and memorandum. (Docs. #27 and #28). The undersigned issued an order filed August 20, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #30). Respondent filed an amended return and memorandum on August 22, 2014. (Doc. #33). A second Roseboro order was issued on August 28, 2014, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #34). Petitioner filed a response in opposition on September 19, 2014. (Doc. #36).

---

[1] This habeas corpus case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in the Wateree River Correctional Institution pursuant to orders of commitment from the Clerk of Court of the state grand jury. Petitioner was originally indicted by Fairfield County in November 1996 on a trafficking charge stemming from an arrest on October 18, 1996. On June 11, 1997, this charge was dismissed with the notation "prosecuted federally." (Attachment 1, PCR App. p. 724). On July 18, 1997, Petitioner was arrested on a federal warrant for possession with intent to distribute cocaine base. (Attachment 1, PCR App. p. 727). The federal criminal complaint alleged criminal activity on October 17, 1996, in Fairfield County, the basis for the prior state charge. (Attachment 1, PCR App. p. 747). Petitioner was subsequently indicted by a federal grand jury on August 21, 1997, for conspiracy to possess with intent to distribute crack cocaine, and the substantive offense of possession with intent to distribute crack cocaine. (Attachment 1, PCR App. pp. 726-728; pp. 787-788). The federal indictment was dismissed with prejudice for violation of the Speedy Trial Act. (Attachment 1, PCR App. pp. 726-741). In dismissing the federal indictment with prejudice, Judge Perry stated:

> . . . The factor regarding the seriousness of the offense arguably points in the Governments favor. However, the impact of this factor is reduced when one takes into consideration the fact that South Carolina regards the drug offenses charged against the defendant as serious and its proceeding to prosecute the defendant for the same conduct charged in this indictment. . .

(Attachment 1, PCR App. p. 740).

Petitioner was then indicted by the state grand jury in May 1999 for trafficking in crack cocaine conspiracy on or about January 1995 through August 1997, and trafficking in cocaine on or about October 17, 1996. (Attachment 1, PCR App. pp. 799-801). Gwendlyne Young Smalls, Esq., and Jerry M. Screen, Esq., represented Petitioner on the charges. A jury trial was held November 22-24,1999, before the Honorable William Keesley. The jury convicted as charged. (Attachment 3,Trial Tr. p. 652). Judge Keesley sentenced Petitioner to twenty-five (25) years imprisonment. (Attachment 3, Trial Tr. p. 655). Petitioner appealed.

Glenn Walters, Esq., represented Petitioner on appeal. On March 6, 2001, appellate counsel filed a Final Brief of Appellant in the South Carolina Court of Appeals and raised the following issue:

> The trial court lacked jurisdiction to try the defendant under the state grand jury indictment because the federal court had dismissed the same charges with prejudice.

(Attachment 6, p. 3).

Counsel relied upon S.C. Code § 44-53-410 as a bar to the prosecution. (Attachment 6, p. 1; pp. 3-7). The State filed its Final Brief of Respondent on April 2, 2001. (Attachment 7). Petitioner filed his Final Reply Brief on March 6, 2001. (Attachment 8). By letter dated September 10, 2001, the Clerk of the South Carolina Court of Appeals called on the parties to submit supplemental briefing on the issue of whether S.C. Code § 44-53-410 "raises an issue of subject matter jurisdiction, or creates an affirmative defense which must be raised to and ruled upon by the trial court." (Attachment 9). The State filed a supplemental brief on September 24, 2005. (Attachment 10). Petitioner filed a supplemental brief on October 5, 2001. (Attachment 11). On December 20, 2011, the South Carolina Court of Appeals affirmed the conviction and sentence in State v. Rice,

Opinion No. 3431. (Attachment 12). Petitioner filed a petition for rehearing and a petition for rehearing *en banc* on January 16, 2002. (Attachment 13). On February 22, 2002, the Court of Appeals denied both the petition for rehearing and the petition for rehearing *en banc*. (Attachments 14 and 15). Glenn Walters, Esq., represented Petitioner on appeal.

On April 24, 2002, Petitioner filed a petition for writ of certiorari, and accompanying appendix, in the Supreme Court of South Carolina and raised the following issues:

> 1. Did the Court of Appeals err in holding that Section 44-53-410 does not involve a question of subject matter jurisdiction and, therefore, was not preserved for review?
>
> 2. Did the Court of Appeals err by not addressing the merits of the argument that the prosecution of Paul A. Rice by the State of South Carolina was barred because the same charges previously had been dismissed with prejudice by the United States District Court?

(Attachment 16, p. 2).

The State made its return to the petition on May 9, 2002. (Attachment 17). On September 19, 2002, the Supreme Court of South Carolina denied the petition. (Attachment 18). On September 23, 2002, the South Carolina Court of Appeals issued the remittitur. (Attachment 19).

On March 5, 2003, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

(a) Ineffective Assistance of Counsel, Unpreserved Jurisdiction can be raised at any time;

> 1) Counsel was ineffective where they failed to raise, or object that the prosecution by the State of South Carolina was barred by Statute, S.C. code ann.sec. 44-53-410 (1985);

4

    2)    Counsel was ineffective where they failed to raise the issue or inform the applicant regarding his Due Process Rights, and right to a fair trial;

    3)    Counsel was ineffective where they failed to raise, or object on Double Jeopardy grounds, and where prosecution could be viewed as a "SHAM PROSECUTION" an exception to the Dual Sovereignty doctrine;

    4)    Counsel was ineffective where they failed to do any pretrial investigation, and file appropriate motions including allowing the applicant to review the state grand jury procedure in which is permitted to do under 14-7-1610, 14-7-1630 S.C. code of laws;

    5)    Counsel was ineffective in failing to obtain a ruling on the merits of his fourth amend.violation, where a motion hearing was held and trial Judge never ruled on the record. (failed to preserve for review);

    6)    Counsel was ineffective for failing to object to inadmissible evidence, and prejudice statements at trial. (Attachment 1, PCR App. pp. 589 and 591).

The State made its return to the application on April 28, 2004. (Attachment 1, PCR App. pp. 595-601). Melissa J. Kimbrough (now "Armstrong"), Esq., represented Petitioner in the action. Counsel made an amendment to the application on August 14, 2009, and raised the following issues:

    (A)    Applicant was denied the effective assistance of counsel due to trial counsel's burden-shifting opening statement, that informed the jury that Paul Rice was in court to "answer" the charges against him, that it was "his time" to answer the charges; (Tr. p. 70);

    (B)    Applicant was denied the effective assistance of counsel due to his trial attorney's failure to object to Spencer Heath's hearsay testimony concerning an unnamed lawyer setting up a "deal." This testimony was inadmissible, and prejudicial. Rules 401 & 403, S.C.R.E.;

    (C)    Applicant was denied the effective assistance of counsel due to his attorney's failure to object to prejudicial opinion

5

              testimony from Evangelist Mobley on the detrimental effects of crack cocaine usage. (Tr. P. 346-347). This testimony was inadmissible, irrelevant, and prejudicial, appealing to community sentiment on drug addiction. Rules 401 & 403, S.C.R.E.;

(D)    Applicant was denied the effective assistance of counsel due to his trial attorney's failure to object to testimony concerning Paul Rice's mother's attempt to drive over Lennie Mack, a witness against Mr. Rice, with her car. This testimony was irrelevant, and especially prejudicial because it implied that Mr. Rice's family tried to intimidate witnesses against him, from which the jury most likely inferred Mr. Rice's own family thought he was guilty. Rules 401 & 403, S.C.R.E.;

(E)    Applicant was denied the effective assistance of counsel due to his trial attorney's failure to subpoena and/or otherwise obtain taped conversations from Keith Lewis of his interviews with Lennie Mack when the tapes contained valuable impeachment evidence. Strickland v. Washington, supra;

(F)    Applicant was denied a fair trial due to the state's withholding of taped conversations between Keith Lewis and Lennie Mack, where the state had control over this evidence and the evidence constituted impeachment evidence against a state's witness. Brady v. Maryland, Napue v. Giglio;

(G)    Applicant was denied the effective assistance of counsel due to his trial attorney's failure to raise S.C. Code 44-53-410 (1985) as a bar to Mr. Rice's second prosecution after his case was dismissed in federal court. Applicant was unable to raise this issue on direct appeal due to trial court's failure to preserve it at trial. (see direct appeal of applicant, attached hereto);

(H)    Applicant was denied the effective assistance of counsel due to trial counsel's failure to object to the extremely prejudicial testimony of Robert Coleman, who testified concerning an unrelated drug conspiracy in which he was involved. While entirely irrelevant to the question of whether applicant was guilty of conspiracy, this evidence was nonetheless prejudicial in that it bolstered Coleman's credibility as a person with extensive involvement in drug dealing. The

6

        inference drawn by the jury was clearly that Coleman's testimony was more believable due to his heavy involvement in drug sales and his subsequent turn around to help law enforcement. Counsel's failure to object was deficient and prejudicial. <u>Strickland v. Washington</u>, Rules 401 & 403, S.C.R.E.;

(I)    Applicant was denied effective assistance of counsel due to trial counsel's failure to object to the solicitor's "pitting" of witnesses during the cross - examination of Lakesha Rice and Marcel Sanders (Tr. P. 537, 560-570). Pitting is unacceptable, and was prejudicial to the applicant. <u>Burgess v. State</u>, 329 S.C. 88 (1998); <u>State v. Kelsey</u>, 331 S.C. 50 (1998); see <u>State v. Benning</u>, 338 S.C. 59(Ct.App. 1999);

(J)    Applicant was denied effective assistance of counsel due to trial counsel's failure to object to the solicitor's improper closing argument, which contained both "vouching" on behalf of Spencer Heath, whose credibility was exclusively an issue for the jury, <u>State v. Kelly</u>, 343 S.C. 350 (2001); and appeals to the community sentiment, or "golden rule" arguments concerning the impact of drug use and abuse on the jurors' communities, kids and schools. (Tr. pp. 624-625) These types of arguments have been condemned as improper by our appellate courts, as they foster passion and prejudice among the jurors, thereby leading to unjust results and prejudice to the defendant. <u>State v. Reese</u>, 359 S.C. 260 (Ct.App. 2004).

(K)    Applicant was denied effective assistance of counsel due to trial counsel's failure to object to the unlawful search of Applicant's parent's home and seizure of drugs when the state lacked probable cause to search the home in violation of the Fourth Amendment to the United States Constitution. U.S.Const.amends. IV, XIV.

(L)    Applicant was denied due process and a fair trial due to prosecutorial misconduct due to the state's failure to correct the erroneous, false and misleading testimony of Agent Andy Paquin, who testified at trial that he saw the Applicant with a bag leaning over the washing machine in which drugs were found in a bag, this testimony being contrary to that contained in a report submitted to the statewide grand jury, where Agent Paquin noted he saw Applicant in possession of a bag but did not see what Applicant did with the bag. The state's failure to

7

> reveal this material change in the evidence presented, and allow it to be introduced to the jury constitutes misconduct and denied Applicant a fair trial. Napue v. Illinois, 360 U.S. 264 (1959), Giglio v. United States, 405 U.S. 150 (1972) U.S.Const. amends., XIV. (Attachment 1, PCR App. pp. 604-607).

An evidentiary hearing was convened August 25, 2009, before the Honorable Roger M. Young. (Attachment 1, PCR App. p. 609). At the conclusion of the hearing, Judge Young took the matter under advisement. (Attachment 1, PCR App. p. 690). On November 3, 2009, Judge Young issued an Order of Dismissal, filed November 6, 2009, that denied relief and dismissed the application. (Attachment 1, PCR App. pp. 692-713). Petitioner filed objections on December 3, 2009, which were construed as a motion to amend. (Attachment 1, PCR App. pp. 714-717). The State made its return to the motion on December 11, 2009. (Attachment 1, PCR App. pp. 718-720). Judge Young deined the motion by Order dated December 14, 2009, filed December 16, 2009. (Attachment 1, PCR App. p. 722). Petitioner appealed the denial of relief.

Ms. Armstrong continued to represent Petitioner on appeal. Counsel filed a petition for writ of certiorari in the Supreme Court of South Carolina on September 10, 2010, and raised the following issues:

> 1) Did the Circuit Court err in ruling trial counsel was effective despite his failure to argue S.C. Code Section 44-53-410 (1985) barred applicant's second prosecution in state court after his case was dismissed with prejudice in federal court?
>
> 2) Did the Circuit Court err ruling Trial counsel was effective despite their failure to raise the issue of law enforcement's improper search of applicant's parent's home, which yielded the state's only evidence of applicant's constructive possession of drugs?
>
> 3) Did the Circuit Court err[] in ruling trial counsel was effective despite his burden-shifting opening statement in

>   which he told the jury that applicant was in court to "answer" the charges against him, and that it was "his time" to answer the charges?
>
> 4) Did the Circuit Court err in ruling trial counsel was effective despite failing to object to prejudicial testimony, including: hearsay from Spencer Heath concerning an unidentified lawyer's remark about setting up a "deal;" prejudicial testimony from Evangelist Mobley concerning crack cocaine; prejudicial testimony from Lennie Mack concerning applicant's mother's alleged attempt to drive over him; Robert Coleman's testimony concerning an unrelated drug conspiracy, the solicitor's pitting [] state's witnesses against defense witnesses Lakiesha Rice and Marcel Sanders, and numerous improprieties during the solicitor's closing argument, including vouching on behalf of state's witness Spencer Heath and making "golden rule" arguments?

(Attachment 20, p. 2).

The State made its return to the petition on January 12, 2011. (Attachment 21). By Order dated January 13, 2012, the Supreme Court of South Carolina transferred the case for disposition by the South Carolina Court of Appeals. (Attachment 22). On November 1, 2013, the Court of Appeals denied the petition. (Attachment 23). Petitioner was barred from seeking further review in the Supreme Court of South Carolina. Ellison v. State, 382 S.C. 189, 191, 676 S.E.2d 671, 672 (2009) ("we take this opportunity to extend our decisions in Haggins and Missouri to cases in which the Court of Appeals has issued an order denying a writ of certiorari in a PCR matter"). The South Carolina Court of Appeals issued the remittitur on November 21, 2013. (Attachment 24).

## HABEAS ALLEGATIONS

Petitioner filed his petition on January 24, 2014, in which he raises the following allegations, quoted verbatim:

9

> GROUND ONE: Petitioner was Denied Effective Assistance of trial counsel in violation of the U.S. Constitution 6th and 14th Amendments.
>
> SUPPORTING FACTS: That the state court's determination in Ruling that trial counsel was not ineffective for failure to argue that his prosecution in state court was barred after his case was dismissed "with Prejudice" in federal court. As there was no pending prosecution and the State Government impaneled a Grand jury after the honorable Matthew J. Perry's order
>
> GROUND TWO: Petitioner was denied effective Assistance of trial counsel in violation of the U.S. Constitution 6th -and 14th Amend.
>
> SUPPORTING FACTS: That the State court's determination in Ruling that trial counsel was not ineffective for failure to Object to law enforcements improper search of Petitioner's parent's home, which yielded the state's only evidence of Petitioner's constructive possession of drug charges. Where As, A circuit Judge made "in limine" Ruling before trial, and counsel failed to Renew the Petitioner's Motion to Suppress.

(Petition).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## **ANALYSIS**

In his habeas petition, Petitioner raised two issues of ineffective assistance of counsel. When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the

deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

13

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* Strickland at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Court confirmed that the correct standard for judging ineffective assistance of claims is the Strickland standard.

**GROUND ONE**

Petitioner argues that he was denied effective assistance of trial counsel in violation of the United States Constitution when his counsel failed to argue that his prosecution in state court was barred after his case in federal court was dismissed with prejudice. Petitioner relies on South Carolina Code §44-53-410 which prohibits further prosecution after a conviction or acquittal in federal court for the same act. (Doc. #36).[2]

Respondent asserts that the PCR judge's findings were fully and fairly supported by the record and his application of Strickland was reasonable. Respondent contends that federal courts

---

[2] The issue of whether S.C. Code §44-53-410 should bar state prosecution of the drug crimes was presented in the direct appeal. However, the South Carolina Court of Appeals held that the issue had not been raised to and ruled upon by the trial judge and was not preserved for review.

14

honor the principle that state courts are the final arbiters of state law, and the South Carolina court found the state prosecution was not barred by the South Carolina statute in question. Respondent further argues that if Petitioner was not entitled to any relief under the state statute, Petitioner cannot be entitled to relief on his ineffective assistance of counsel claim. Lastly, Respondent asserts that the state court determination was consistent with the plain language of the state statute. Specifically, S.C. Code §44-53-410 did not bar prosecution as there was neither a conviction nor acquittal by virtue of the dismissal with prejudice for violation of the Speedy Trial Act.

> In the order of dismissal, the PCR judge concluded the following:
>
> §44-53-410 prohibits further prosecution where there had been a conviction or an acquittal under federal law. In the case at hand, the Applicant had not been convicted or acquitted in federal court. Rather his case was dismissed due to a pre-trial motion alleging speedy trial violations. The United States Supreme Court has repeatedly held this type of pre-trial motion does not amount to an acquittal and does not serve as a basis for double jeopardy.
>
> In Manbeck, the United States Supreme Court held the double jeopardy clause does not apply if the indictment was "dismissed by pretrial motion on grounds unrelated to the merits of the case, and before the question of the guilt or innocence of defendants was before the court." The Court stated "jeopardy had not attached" and "the trial had not begun." U.S. v. Manbeck, 744 F.2d 360, 373 (C.A.S.C., 1984) (*citing* Serfass v. United States, 420 U.S. at 391-92, 95 S.Ct. at 1064-65 (Rejecting the argument that disposition of a motion to dismiss was an acquittal triggering the double jeopardy clause); United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971)).
>
> This court finds Judge Matthew Perry dismissed the federal charges for speedy trial violations. This dismissal does not amount to an acquittal under §44-53-410 because it was not a final determination on the merits of the case and neither the Applicant's guilt nor innocence were at issue. Where there was no conviction or acquittal on the federal charges, 44-53-410 does not apply. As a result, the defense attorneys were not ineffective for failing to raise the meritless argument at trial or preserve this issue for appeal. This Court finds

> the defense was not ineffective and denies and dismisses this allegation.

(Tr. 705-706).

A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).[3] Petitioner has not met the first or second prong of Strickland. Counsel cannot be ineffective for failing to raise an argument that is not applicable to Petitioner's case. Additionally, Petitioner cannot show there is a reasonable probability that the outcome would have been different because the state statute was inapplicable. Therefore, Petitioner has not established the requisite prejudice to support his claim of ineffective assistance of counsel. Accordingly, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §2254(d)(1), (2); Williams, supra. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground One.

**GROUND TWO**

In Ground Two, Petitioner alleges that trial counsel was ineffective for failing to preserve for review his claim that the search of his parent's house was illegal such that the drugs found at

---

[3] Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306, 312 (4th Cir. 2000).

16

their house should have been suppressed. Petitioner argues that trial counsel moved to suppress the drugs but failed to renew the motion to preserve it for appeal. Respondent argues that the record supports the PCR judge's findings and the claim should be dismissed.

In the order of dismissal, the PCR judge noted the testimony of trial counsel Screen as follows:

> Screen discussed the facts of the case as well. The police were executing a traffic stop when the Applicant fled from the police. The Applicant bolted from his vehicle and ran into his father's house. The police, in hot pursuit, followed the Applicant into his father's house and apprehended him in the laundry room. The Applicant was observed with a packet in his hands as he ran, but he no longer had the packet when he was apprehended. The police searched the laundry room and found a packet resembling the one spotted with the Applicant. The packet was found within arms length of the Applicant and contained approximately 214 grams of drugs.
>
> Screen filed a pre-trial motion to suppress the drugs and a suppression hearing was held. Screen testified he vigorously cross-examined the police about their observations of the Applicant with a package. Screen informed the Applicant that the suppression hearing was critical to the success of their case, if they could keep the drugs out, the Applicant may prevail, but if the drugs came in, the Applicant was not likely to win at trial. Screen testified he ultimately lost the suppression hearing. Screen testified it was a hot pursuit chase, which allowed the police to follow the Applicant into the home. Furthermore, the drugs were found within arms length of the Applicant.

(Tr. 696).

The PCR judge held that counsel was not ineffective in this regard stating as follows:

> The Applicant also claimed the defense failed to raise probable cause objections to the search of the Applicant's parents home. This Court finds, as attorney Screen testified, the police were entitled to follow the Applicant into the home during a "hot pursuit." A warrantless search will withstand constitution scrutiny if the search falls under a recognized exception of the Fourth Amendment exclusionary rule,

17

> with one such exception being "hot pursuit." State v. Moore, 377 S.C. 299, 309, 659 S.E.2d 256, 261 (Ct. App. 2008).
>
> Where the Applicant failed to stop for the police executing a traffic stop and fled his vehicle into a home, the police were entitled to follow in hot pursuit. (Tr. Pp. 247-248; 255). Moreover, police apprehended the Applicant in the home and the drugs were found within an arms reach of the Applicant. The defense moved to suppress the drugs and the trial court denied the motion. This Court finds probable cause existed, additional probable cause challenges would not have been successful, and the Applicant has failed to show otherwise. This Court finds the defense was not ineffective and denies and dismisses this allegation.

(Tr. 710-711).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.[4]  The PCR court found that there was probable cause for the warrantless search since the police entered the premises during a "hot pursuit."  In Robinson v. State, 407 S.C. 169, 754 S.E.2d 862 (2014), the court held as follows:

> Generally, the Fourth Amendment requires the police to have a warrant in order to conduct a search. State v. Weaver, 374 S.C. 313, 319, 649 S.E.2d 479, 482 (2007). Evidence seized in violation of the warrant requirement must be excluded from trial. Id. However, a warrantless search may nonetheless be proper under the Fourth Amendment if it falls within one of the well-established exceptions to the warrant requirement. State v. Moore, 377 S.C. 299, 308–09, 659 S.E.2d 256, 261 (Ct.App.2008). "These exceptions include ...: (1) search incident to a lawful arrest; (2) hot pursuit; (3) stop and frisk; (4) automobile exception; (5) the plain view doctrine; (6) consent;

---

[4] As set forth above, factual findings of the state court are subject to the deferential standard of review.

>and (7) abandonment." State v. Brown, 401 S.C. 82, 89, 736 S.E.2d 263, 266 (2012). Furthermore, if police officers are following their standard procedures, they may inventory impounded property without obtaining a warrant. See Colorado v. Bertine, 479 U.S. 367, 372–73, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987).[5]

Trial counsel moved to suppress the drugs and cross-examined the police officer at the suppression hearing. The trial court found that the police were entitled to follow Petitioner into the home during a "hot pursuit" as Petitioner failed to stop for police executing a traffic stop and fled his vehicle into the home. "Hot pursuit" is a recognized exception of the Fourth Amendment exclusionary rule. Thus, even if trial counsel erred in failing to renew his motion in order to preserve the issue, Petitioner has not shown there is a reasonable probability that the outcome would have been different because his Fourth Amendment claim fails on the merits. Thus, Petitioner has not established the requisite prejudice to support his claim of ineffective assistance of counsel. Accordingly, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Two.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #27) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

October 6 , 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[5] See also McHam v. Cartledge, 2014 WL 2613231, (D.S.C. June 9, 2014).