IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Anthony Rice, | ) Civil Action No. 4:14-185-MGL |
| Petitioner, | ) |
| v. | ) **ORDER** |
| Warden John Pate, | ) |
| Respondent. | ) |

Petitioner Paul Anthony Rice, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 24, 2014. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On October 6, 2014, the Magistrate Judge issued a Report, (ECF No. 38), recommending that the Court grant Respondent's Motion for Summary Judgment, (ECF No. 27), and that Petitioner's Petition for a Writ of Habeas Corpus be denied. Objections to the Report were due by October 23, 2014. Petitioner filed a timely Objection on October 20, 2014. (ECF No. 40). The matter is now ripe for review.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. In his Objection, Petitioner challenges in a broad-based fashion the two core conclusions of the Magistrate Judge. With respect to Petitioner's first grounds for relief, in which Petitioner claims that his counsel was ineffective in failing to raise S.C. Code § 44-53-410 as a bar to his eventual state court prosecution, the Magistrate Judge concluded that Petitioner had failed to establish the two prong standard for ineffective assistance of counsel announced in *Strickland v. Washington*, 466 U.S. 688 (1984), because § 44-53-410, by its express terms, could only have limited Petitioner's state court prosecution had Petitioner been either *convicted or acquitted* in federal court on comparable charges. With respect to Petitioner's second grounds for relief, in which Petitioner claims that his counsel was ineffective in failing to preserve for appeal Petitioner's objection to the warrantless search that yielded drug evidence in his case, the Magistrate Judge concluded that Petitioner had likewise failed to satisfy the two-prong *Strickland* standard, inasmuch as the complained of search was supported by the well established "hot pursuit" exception to the Fourth Amendment's warrant requirement.

Although Petitioner objects generally to these two core conclusions of the Magistrate Judge, nothing in Petitioner's filing effectively counters the Magistrate Judge's careful analysis. Petitioner reiterates that his counsel should have cited S.C. Code § 44-53-410 as a bar to his state court

prosecution following the dismissal of comparable federal charges on speedy trial grounds. However, Petitioner cites no compelling support for the proposition that a dismissal of federal charges on speedy trial grounds is the equivalent of an actual acquittal of charges such that it would constrain or bar a subsequent state court prosecution. Nor does Petitioner present any argument or authority showing how the established law of "hot pursuit" was inapplicable to his case, such that Petitioner was prejudiced by his counsel's failure to preserve for appeal his challenge to the warrantless search of his parents' residence, which occurred as Petitioner fled from police into the residence.

For all of the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 38), overruling Petitioner's objections. Respondent's Motion for Summary Judgment is **GRANTED**, (ECF No. 27), Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**, and this matter is **DISMISSED**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case,

the legal standard for the issuance of a certificate of appealability has not been met.

Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

                 s/Mary G. Lewis
                 United States District Judge

March 26, 2015
Columbia, South Carolina